UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOAN GAUT, et al.,                              ) Case No. 2:09-CV-03562 JAM-KJN
                                                )
                Plaintiffs,                     )
                                                )
     v.                                         )
                                                )
WOODROW CARTER, et al.,                         )
                                                )
                Defendants.                     )
                                                )
                                                )

    This matter is before the Court on Plaintiffs' Motion to Alter or Amend the Judgment (Doc. # 55) pursuant to Federal Rule of Civil Procedure 59(e).[1]  Defendants oppose the motion (Doc. # 56).  The Court granted Defendants' Motion for Summary Judmgment (Doc. # 25) in an order dated September 20, 2011 (Doc. # 47).  The Court entered judgment on all of Plaintiffs' claims in favor of Defendants.

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was originally scheduled for January 11, 2012.

1

## I. LEGAL STANDARD

A district court may properly grant a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001) (citing School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993)).

## II. OPINION

Plaintiffs argue in the present motion that entering judgment against them on their state Fair Employment and Housing Act ("FEHA") claim against Defendant Fairfield-Suisun Unified School District was improper. Plaintiffs' contention is that since the judgment was based on the school district's 11th Amendment immunity from suit in federal court, the Court did not have jurisdiction to reach the merits of the claim, entering judgment was improper. Defendants argue that since Plaintiffs' counsel's opposition papers were filed late, entering judgment against them was proper as a sanction.

The 11th Amendment is a limit on a district court's jurisdiction. Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999) (citing California v. Deep Sea Research, Inc., 523 U.S. 491, 118 (1998)). A claim barred by a lack of jurisdiction should be dismissed without prejudice so that the claim may be brought in a court of competent jurisdiction. Id.

(citing <u>Frigard v. United States</u>, 862 F.2d 201, 204 (9th Cir. 1988)).

In this case, the Court erred by granting judgment on Plaintiffs' FEHA claims. The basis of the dismissal was Defendants' 11th Amendment immunity, and thus dismissal without prejudice was the proper disposition. <u>Id.</u> Defendants' contention that entry of judgment in the school district's favor was a proper sanction for the late filed papers is unpersuasive. Plaintiffs' counsel was not permitted to argue before the court on the motion for summary judgment, which was a sufficient sanction for the delayed filing. A dismissal with prejudice—the functional equivalent of this case's entry of judgment—even where the court lacks jurisdiction may be permissible pursuant to Federal Rule of Civil Procedure 41(b), but such a sanction is to be imposed only under "extreme circumstances." <u>See Wilson v. JPMorgan Chase Bank, NA.</u>, No. CIV. 2:09-863 WBS GGH, 2010 WL 3393867, at *1 (E.D. Cal. Aug. 26, 2010) (internal quotations omitted). The Court finds that filing an untimely opposition to a motion is not an extreme circumstance justifying a dismissal with prejudice.

Finally, Defendants argue that the instant motion is not properly before the court as a motion for reconsideration pursuant to Local Rule 230(j). The Court is not persuaded by this argument. Local Rule 230(j) does not foreclose a motion pursuant to Federal Rule of Civil Procedure 59(e). The Court finds that Plaintiffs' motion, based on the Court's error in entering judgment on the FEHA claim, is proper under the Federal Rules. Further, judicial economy is not served by requiring Plaintiffs to restyle their motion under the local rules or to bring their arguments on appeal

to the circuit court when the matter can be resolved immediately and properly on the present motion. Accordingly, Plaintiffs' Motion to Amend or Alter the Judgment is GRANTED.

## III. ORDER

The Court orders the entry of judgment on the FEHA claim against Defendant Fairfield-Suisun Unified School District vacated. The Court further orders that Plaintiffs' FEHA claim against Defendant Fairfield-Suisun Unified School District is dismissed without prejudice on the grounds that Defendants' 11th Amendment immunity precludes federal adjudication of that claim. All of the Court's prior orders are hereby amended in accordance with this ruling, and the remainder of the Court's previous order granting Defendants' motions for summary judgment is reaffirmed.

IT IS SO ORDERED.

Dated: January 10, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE