1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   JOAN GAUT, et al.,                  )   Case No. 2:09-CV-03562 JAM-KJN
                                          )
12                      Plaintiffs,       )
                                          )
13        v.                              )
                                          )
14   WOODROW CARTER, et al.,              )
                                          )
15                      Defendants.       )
                                          )
16                                        )
                                          )
17   _____)

18        This matter is before the Court on Plaintiffs' Motion to Alter

19   or Amend the Judgment (Doc. # 55) pursuant to Federal Rule of Civil

20   Procedure 59(e).[1]  Defendants oppose the motion (Doc. # 56).  The

21   Court granted Defendants' Motion for Summary Judmgment (Doc. # 25)

22   in an order dated September 20, 2011 (Doc. # 47).  The Court

23   entered judgment on all of Plaintiffs' claims in favor of

24   Defendants.

25

26   _____

27   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was originally
     scheduled for January 11, 2012.
28

1               I. LEGAL STANDARD

2        A district court may properly grant a motion to alter or amend

3   a judgment pursuant to Federal Rule of Civil Procedure 59(e) if

4   "(1) the district court is presented with newly discovered

5   evidence, (2) the district court committed clear error or made an

6   initial decision that was manifestly unjust, or (3) there is an

7   intervening change in controlling law." Zimmerman v. City of

8   Oakland, 255 F.3d 734, 740 (9th Cir. 2001) (citing School Dist. No.

9   1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th

10  Cir.1993)).

11

12              II.  OPINION

13       Plaintiffs argue in the present motion that entering judgment

14  against them on their state Fair Employment and Housing Act

15  ("FEHA") claim against Defendant Fairfield-Suisun Unified School

16  District was improper.  Plaintiffs' contention is that since the

17  judgment was based on the school district's 11th Amendment immunity

18  from suit in federal court, the Court did not have jurisdiction to

19  reach the merits of the claim, entering judgment was improper.

20  Defendants argue that since Plaintiffs' counsel's opposition papers

21  were filed late, entering judgment against them was proper as a

22  sanction.

23       The 11th Amendment is a limit on a district court's

24  jurisdiction.  Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846,

25  847 (9th Cir. 1999) (citing California v. Deep Sea Research, Inc.,

26  523 U.S. 491, 118 (1998)).   A claim barred by a lack of

27  jurisdiction should be dismissed without prejudice so that the

28  claim may be brought in a court of competent jurisdiction.  Id.

1  (citing Frigard v. United States, 862 F.2d 201, 204 (9th Cir.

2  1988)).

3      In this case, the Court erred by granting judgment on

4  Plaintiffs' FEHA claims.  The basis of the dismissal was

5  Defendants' 11th Amendment immunity, and thus dismissal without

6  prejudice was the proper disposition.  Id.  Defendants' contention

7  that entry of judgment in the school district's favor was a proper

8  sanction for the late filed papers is unpersuasive.  Plaintiffs'

9  counsel was not permitted to argue before the court on the motion

10 for summary judgment, which was a sufficient sanction for the

11 delayed filing.  A dismissal with prejudice—the functional

12 equivalent of this case's entry of judgment—even where the court

13 lacks jurisdiction may be permissible pursuant to Federal Rule of

14 Civil Procedure 41(b), but such a sanction is to be imposed only

15 under "extreme circumstances."  See Wilson v. JPMorgan Chase Bank,

16 NA., No. CIV. 2:09-863 WBS GGH, 2010 WL 3393867, at *1 (E.D. Cal.

17 Aug. 26, 2010) (internal quotations omitted).  The Court finds that

18 filing an untimely opposition to a motion is not an extreme

19 circumstance justifying a dismissal with prejudice.

20      Finally, Defendants argue that the instant motion is not

21 properly before the court as a motion for reconsideration pursuant

22 to Local Rule 230(j).  The Court is not persuaded by this argument.

23 Local Rule 230(j) does not foreclose a motion pursuant to Federal

24 Rule of Civil Procedure 59(e).  The Court finds that Plaintiffs'

25 motion, based on the Court's error in entering judgment on the FEHA

26 claim, is proper under the Federal Rules.  Further, judicial

27 economy is not served by requiring Plaintiffs to restyle their

28 motion under the local rules or to bring their arguments on appeal

1 | to the circuit court when the matter can be resolved immediately

2 | and properly on the present motion.  Accordingly, Plaintiffs'

3 | Motion to Amend or Alter the Judgment is GRANTED.

4 | III. ORDER

5 |      The Court orders the entry of judgment on the FEHA claim

6 | against Defendant Fairfield-Suisun Unified School District vacated.

7 | The Court further orders that Plaintiffs' FEHA claim against

8 | Defendant Fairfield-Suisun Unified School District is dismissed

9 | without prejudice on the grounds that Defendants' 11th Amendment

10 | immunity precludes federal adjudication of that claim.  All of the

11 | Court's prior orders are hereby amended in accordance with this

12 | ruling, and the remainder of the Court's previous order granting

13 | Defendants' motions for summary judgment is reaffirmed.

14 |

15 |      IT IS SO ORDERED.

16 | Dated: January 10, 2012

17 | _____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |